UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
JUANEITA BYFIELD,

            Plaintiff,

-against-

WEILL CORNELL IMAGING AT NEW
YORK-PRESBYTERIAN,

            Defendant.
------------------------------------------------------- X

Civil Action No. 1:22-cv-07278-VSB

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER REGARDING
CONFIDENTIAL, PROPRIETARY,
AND PRIVILEGED INFORMATION**

**WHEREAS**, Plaintiff Juaneita Byfield ("Plaintiff") and Weill Cornell Imaging at New York-Presbyterian ("Defendant")[1] (together, the "Parties"), consider some of the information sought in discovery or contained in documents being sought in discovery to be of a confidential nature; and

**WHEREAS**, the Parties have agreed to terms included in this Confidentiality Agreement ("Agreement") to permit each other to discover and produce information deemed confidential pursuant to procedures protecting the confidentiality of such information;

**IT IS HEREBY STIPULATED AND AGREED**, as follows:

1.     "Confidential Information," as used herein, means any type of classification of documents or information produced by the Parties, which is in good faith designated as confidential by the Parties due to the confidential, non-public, and sensitive nature of the information, including, but not limited to, Defendant's proprietary business information, deal information, private or sensitive client information, medical information regarding patients, information covered under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), trade secrets, financial data, payroll records, employee compensation, or other

---

[1]     The term "Defendant" also includes any parents, subsidiary, or affiliate entities of Weill Cornell Imaging at New York-Presbyterian.

similar information with respect to current or former employees of Defendant, as well as Plaintiff's financial and medical records.

2. The designation of "Confidential Information" may be made by marking the document wherein such Confidential Information is contained as "Confidential" or another suitable marking, indicating the confidentiality of the information; or by letter of counsel for the party indicating, with particularity, which documents, or information is sought to be treated as confidential.

3. Except as provided in Paragraph 7 of this Agreement, "Qualified Person" as used herein means: (a) members of any law firm appearing as counsel for the Plaintiff in this action; (b) Plaintiff; (c) any expert witnesses consulted or retained by Plaintiff or Plaintiff's counsel for the purpose of assisting in the prosecution of this action; (d) members of any law firm appearing as counsel for Defendant in this action; (e) Defendant's employees who may need to review Confidential Information in defense of this action; (f) any expert witnesses consulted or retained by Defendant or Defendant's counsel for the purpose of assisting in the defense of this action; (g) any mediator agreed to by the Parties or appointed by the Court; and (h) Court and any court reporter in the context of this litigation.  Any employees and/or any independent contractors of any law firm appearing as counsel for the Parties in this action who have access to Confidential Information covered by this agreement will be instructed by counsel for the Parties regarding this Agreement and shall abide by its terms and shall be bound by this Agreement to the same extent as if they had executed it as a Qualified Person.

4. Prior to filing in any court any document or information comprising or containing Confidential Information, the Parties agree to confer to determine the best method to attempt to ensure that the document or information remains sufficiently protected.  If necessary, a Party

who designated the document or information as "Confidential Information" may make an application to file the document under seal. Notwithstanding anything herein to the contrary, neither party waives any right to use Confidential Information at trial or in any other court proceedings, or any right to challenge the filing of material under seal at a later date. The Parties specifically reserve the right to withdraw any confidentiality designation on any document or information they produce in this litigation.

5. Confidential Information shall be used only for purposes of this litigation, including any appeals related to this action and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed, or otherwise divulged or communicated to any person, except as provided herein.

6. If either party disagrees with any designation of Confidential Information pursuant to Paragraph 2 herein or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for each party shall notify opposing counsel in writing of their objection or desire to disclose Confidential Information to a person who is not a Qualified Person. The parties shall confer and attempt to resolve the matter informally. If they are unable to do so, the party contesting the Confidential Information designation is responsible for making an application to the Court for a determination whether particular documents or other information should be treated as Confidential Information and whether the disclosure of such information shall be permitted. The information in question shall be treated as Confidential Information subject to the terms of this Agreement until the dispute is resolved. The party contesting the Confidential Information designation shall at all times have the burden of proof demonstrating the need to maintain information or documents as confidential.

7.      Notwithstanding the terms of Paragraphs 3 through 6, counsel for Plaintiff and counsel for Defendant may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, the parties, Qualified Persons, counsel for the parties, persons present at the request of the parties or their counsel, a court reporter and, if applicable, a videotape recorder operator.

8.      At any deposition, the Parties may, on the record of the deposition or by written notice to opposing counsel within thirty (30) days following receipt of the deposition transcript or videotape, designate portions of the testimony as Confidential Information (as defined in Paragraph 1).  Prior to the expiration of said 30-day period, the transcript and videotape, and the information contained therein, shall be disclosed only to Qualified Persons or the Court and its personnel.  All copies of deposition transcripts or videotapes containing portions designated as confidential shall be marked "Confidential" on the cover thereof.

9.      Confidential Information may be copied only to the extent necessary to permit its use in accordance with the terms of this Agreement.  Within ninety (90) days of the conclusion of this lawsuit, including exhaustion of all appeals, all Confidential Information and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Agreement, shall be returned to counsel for the producing party, together with all documents, copies, extracts and summaries thereof, or else shall be destroyed.  Upon request from the producing party, such Qualified Person or other person shall certify in writing that all such documents, copies, extracts, and

summaries have been returned or destroyed. Notwithstanding this provision, counsel for the Parties are permitted to retain attorney work product and a complete archival copy of all documents filed with the Court, deposition and hearing transcripts, exhibits, expert reports, consultant and expert work product even if such material may contain Confidential Information following the end of the litigation as long as such material is kept Confidential pursuant to the terms of this Agreement.

10. The disclosure by Plaintiff or Defendant or their counsel of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the Parties' right to designate such document or information as Confidential Information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement.

11. If a producing party discovers that it has inadvertently produced information or documents, which are subject to the attorney-client privilege, the work-product doctrine, or any other legal privilege protecting information from discovery, the producing party shall notify the receiving party within a reasonable time of the discovery of the error. The receiving party shall return all copies of the information or documents to the producing party and destroy any work product reflecting the contents of such materials within ten (10) days of receipt of such notice. No use shall be made of such information or documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to request to return or destroy them. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privileged material for in camera review, together with an explanation as to why the document should not

be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine.

12. If Confidential Information designated in accordance with the procedures of this Agreement is disclosed to any person other than in the manner authorized by this Agreement, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the provider, make reasonable efforts to prevent further disclosure by it or by the person who received such information.

13. Should any document or information provided pursuant to this Agreement be disclosed, released or used for any purpose in violation of the terms of this Agreement, the Parties will be entitled to apply to the Court for declaratory or injunctive relief, in addition to any remedy available at law, to redress violations of the terms hereof.

14. If a party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated by the other party in this action as "Confidential" material that party must:

    A. Promptly notify the designating party in writing and include a copy of the subpoena or court order;

    B. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

       order is subject to this Agreement. Such notification shall include a copy of this Agreement; and

    C.    Cooperate with the designating party whose Confidential Information may be affected to maintain the confidentiality of the material sought.

15.    This Agreement may be modified by subsequent agreement of the Parties, but only in a written agreement signed by the Parties or their counsel.

16.    The foregoing is without prejudice to the right of any party hereto to apply to the Court for a lesser or further protective order relating to any document or information provided pursuant to this Agreement, or to take whatever other steps reasonably necessary to safeguard Confidential Information.

17.    The fact that information or documents have been identified as Confidential Information under this Agreement is not evidence that such information or documents are entitled to sealing, and the party making any sealing motion must follow applicable local and individual rules and meet the judicial standards for sealing.

18.    Nothing herein shall prevent either party from making whatever use of its own Confidential documents and/or information.

19.    This Agreement may be signed on separate signature pages.  These separate signature pages will become part of the integrated Agreement.  Where convenient for the Parties to do so, signed signature pages may be exchanged through electronic transmission, including through facsimile or email.

20.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

21. This Agreement is governed by and shall be construed in accordance with the laws of the State of New York.

SO STIPULATED AND AGREED:

| | |
|---|---|
| **PHILLIPS & ASSOCIATES,<br>ATTORNEYS AT LAW, PLLC** | **SEYFARTH SHAW LLP** |
| By: */s/*_____<br>    Joshua M. Friedman<br>    Jacqueline Carranza | By: */s/*_____<br>    Ephraim J. Pierre<br>    Daniel I. Small |
| 585 Stewart Avenue, Suite 410<br>Garden City, New York 11530<br>Tel: (212) 248-7431<br>Fax: (212) 901-2107<br>jfriedman@tpglaws.com<br>jcarranza@tpglaws.com | 620 Eighth Avenue<br>New York, New York  10018-1405<br>Tel: (212) 218-5500<br>Fax: (212) 218-5526<br>epierre@seyfarth.com<br>dsmall@seyfarth.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED this  18  day of    May        , 2023

_____
The Honorable Vernon S. Broderick
United States Magistrate Judge